# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**WANDA JOHNSON**                                                                             **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:05CV32WSU**

**HINDS COUNTY PUBLIC WORKS AND**
**HINDS COUNTY BOARD OF SUPERVISORS**             **DEFENDANTS**

## ORDER GRANTING SUMMARY JUDGMENT

Before the court is defendants' Motion for Summary Judgment [docket # 27] filed pursuant to Rule 56 (b) and (c),[1] Federal Rules of Civil Procedure. The defendants are the Hinds County Department of Public Works and the Hinds County Board of Supervisors. Plaintiff, Wanda Johnson, complains that the defendants discriminated against her on the basis of race, by hiring another individual for the position of Special Assistant to the Director of the Hinds County Department of Public Works in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-2(a)(1).[2] Specifically, Johnson alleges that the defendants hired Debbie Eaves, a Caucasian, for the Special

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2] Title VII of the Civil Rights Act of 1964 makes it unlawful employment practice for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race or sex.

Assistant position while overlooking Johnson, an African-American, because of her African-American race, thereby denying Johnson a promotion and an increase in pay.

## Background Facts and Procedure

The Special Assistant position became available and an opening was posted by Hinds County Department of Public Works in December, 2003. Anthony Brister, then Director of the Department of Public Works conducted several interviews for the position. Once, however, Brister, an African-American male, realized that he soon would become the County Administrator of Hinds County, he determined his successor should hire the Special Assistant. Thereafter, his successor, Nichalos Gardner, also an African-American male, made the decision to hire Debbie Eaves.

Plaintiff Wanda Johnson, an African-American female, was employed by Hinds County as an Engineering Technician II before she applied for the Special Assistant post. Johnson alleges that Ronnie Chappell, an elected white male member of the Hinds County Board of Supervisors, directed then Director of Public Works, Anthony Brister, and current Director of Public Works, Nicholas Gardner, to hire Debbie Eaves for the position of Special Assistant.

Debbie Eaves, a Caucasian female, was employed by Hinds County in the WIN[3] Job Center through a federal Workforce Investment Act Grant. When Hinds County's funding for that position became unavailable, Eaves lost her job through a reduction in force. Pursuant to Hinds County policy, Eaves was permitted to transfer to another

---

[3] WIN Job Centers offer employers free job postings, a large pool of available and skilled workers and information about and referral to on-the-job training programs that reduce the cost of training new employees.

position with the County and thereafter applied for and filled the Special Assistant position. No party disputes that the reduction in force policy is race neutral.

## Relevant Law and Analysis

### Jurisdiction

Johnson brings her racial discrimination claim under federal law, claiming a violation under Title VII of the Civil Rights Act of 1964. This court's jurisdiction over this dispute is provided by statute, §706(f)(3)[4] of Title VII which establishes federal court jurisdiction over actions brought under Title VII. See Title 42 U.S.C. §2000e-5(f)(3).[5]

### Summary Judgment Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex*

---

[4]Section 706(f)(3) provides: Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practices are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . .

[5]Title 42 U.S.C. § 2000e-5(f)(3) provides that, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

*Corporation v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). "A fact is 'material ' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257; *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.*, 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson*,

477 U.S. at 247-48; *Hart v. O'Brien*, 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 540; *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corporation*, 477 U.S. at 322.

<u>Title VII Standards</u>

Title VII prohibits covered employers from discriminating against "any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* Title 42 U.S.C. § 2000e2(a)(1). A plaintiff is required to prove discriminatory animus and may do so by presenting either direct or circumstantial evidence. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002); *Wallace v. Methodist Hospital Systems*, 271 F.3d 212, 219 (5th Cir. 2001) (same); *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000) (same). If the plaintiff elects the former approach, the plaintiff must offer "direct" evidence of discrimination, defined as "evidence that, if believed, proves the fact of intentional discrimination without inference or presumption." *Woodhouse v. Magnolia Hospital*, 92 F.3d 248, 252 (5th Cir. 1996). If

a plaintiff produces direct evidence of discrimination, the burden of persuasion shifts to the defendant to prove that it would have taken the same action regardless of discriminatory animus. *Standstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002), citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252-53, 109 S.Ct. 1775, 1792, 104 L.Ed.2d 268 (1989).

Alternatively, a plaintiff may prove intentional discrimination via indirect or circumstantial evidence. This indirect approach is governed by the familiar, tripartite burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973); *Standstad*, 309 F.3d at 896. Preliminarily, the plaintiff must establish a prima facie case of discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000).

To establish a prima facie case of discrimination under Title VII, the plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the job she sought; (3) she was not promoted (hired); and (4) the position she sought was filled by someone outside her protected class. *Blow v. City of San Antonio, Texas*, 236 F.3d 293, 296 (5th Cir. 2001).

Once a prima facie is made, a presumption of discrimination arises, and the burden of production shifts to the employer to respond with a legitimate, nondiscriminatory reason for its decision.[6] *McDonnell Douglas*, 411 U.S. at 802, 935

---

[6]This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255-56 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981).

6

S.Ct. at 1824. If the employer carries its burden, the presumption of discrimination dissipates and the burden of production then shifts back to the plaintiff to demonstrate that the defendant's articulated reason was merely a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511-12, 113 S.Ct. 2742, 2749-50, 125 L.Ed.2d 407 (1993). Although the *McDonnell Douglas* framework shifts the burden of production between the plaintiff and the defendant, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

### Title VII Analysis

Johnson says she was not awarded the Special Assistant post because of her race. She has made a prima facie case of discrimination under Title VII for she is an African American; was sufficiently qualified through her educational and professional experience; was not hired for the Special Assistant position; and Debbie Eaves, a Caucasian female, was hired for the position. "Once a prima facie case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the challenged employment action." *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

The defendants have set forth their alleged nondiscriminatory reasons for the

subject employment decision, namely; (1) Eaves was hired pursuant to a Hinds County work force reduction preference policy; and (2) Johnson had repeated problems with absenteeism during her employment with the County. "[I]f the employer meets its production burden, the presumption of discrimination created by the plaintiff's prima facie case falls away and the factual inquiry becomes more specific. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

To avoid dismissal on the employer's motion for summary judgment, the employee must show that the employer's putative legitimate, nondiscriminatory reason was not its real reason, but was merely a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. Johnson has made no argument and adduced no evidence that defendants' stated reasons were a pretext for discriminatory motivations; instead plaintiff states that Eaves' previous work relationship with Supervisor Chappell was Director Gardner's motivation for hiring Eaves.

Johnson simply propounds a subjective belief that the defendants acted because of racial discrimination. Johnson's answers provided at her deposition, taken on October 18, 2005, show this:

> Q. Did Mr. Gardner tell you that she was hired, she being Debbie Eaves, was hired because she was a white female?
> A. No.
> Q. Did Mr. Brewster (sic) or Ms. Calhoun or Mr. Martin tell you that Debbie Eaves was hired because she was a white female?
> A. No.
> Q: Di you have any basis to conclude that Debbie Eaves was hired because she was a white female?
> A. No

Plaintiff's Deposition, taken October 18, 2005, p. 80.

Clearly, plaintiff has not demonstrated a material issue of disputed fact as to her racial discrimination claim.  Therefore, this court is obliged to find that her lawsuit cannot survive defendants' Motion for Summary Judgment.

## Conclusion

Having applied the appropriate juridical principles to the undisputed material facts of this lawsuit, viewed in a light most favorable to the non-movant, this court is persuaded to grant summary judgment to defendants Hinds County Department of Public Works and the Hinds County Board of Supervisors.  In accordance with local rules, this court will enter a Final Judgment.

**SO ORDERED AND ADJUDGED, this the 19th day of September, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:050-cv-32HTW-JCS
Order Granting Summary Judgment